## NO. 23-50713

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

JOANNA SMITH,

*Plaintiff-Appellant*

v.

HONORABLE FRANK KENDALL,
SECRETARY OF THE AIR FORCE

*Defendant - Appellee*

On Appeal from the United States District Court for the Western District of Texas, USDC No. 5:21-CV-01154-JKP

## APPELLANT'S BRIEF

Dated: January 16, 2024



   **/s/ *Eddie Hodges Jr.*** 
**Eddie Hodges Jr.**
Texas Bar No.: 241165
Federal I.D.: 3479748
**Alfonso Kennard Jr.**
Texas Bar No. 24036888
S.D. ID 713316
5120 Woodway Drive Suite 10010
Houston, Texas 77056
eddie.hodges@kennardlaw.com
Alfonso.Kennard@kennardlaw.com
filings@kennardlaw.com
**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so the judges of this court may evaluate possible disqualification or recusal.

### A. Parties:

Plaintiff/Appellant:                Joanna Smith

Defendant/Appellee:              Honorable Frank Kendall, Secretary of the Air Force

### B. Attorneys:

Plaintiff/Appellant:

**Eddie Hodges Jr.**
**Alfonso Kennard, Jr.**
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Tel: (713) 742-0900
Fax: (713) 742-0951
eddie.hodges@kennardlaw.com
alfonso.kennard@kennardlaw.com
filings@kennardlaw.com

Defendant/Appellee:

**James E. Dingivan**
Assistant United States Attorney
Texas Bar No. 24094139
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7372 (phone)
(210) 384-7312 (fax)
james.dingivan@usdoj.gov

  */s/ Eddie Hodges Jr.*
**Eddie Hodges Jr.**

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to 5th Cir. R. 28.2.3, JoAnna Smith, Plaintiff-Appellant requests that the Court hear oral argument in this case. This case meets the standards in Federal Rule 34(a)(2) for oral argument, in that this appeal is not frivolous, and as described in the accompanying memorandum, the decisional process would be significantly aided by oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS.................................................... ii

STATEMENT REGARDING ORAL ARGUMENT........................................ iii

TABLE OF CONTENTS.................................................................... iv

TABLE OF AUTHORITIES...................................................................v

JURISDICTIONAL STATEMENT ......................................................2

STATEMENT OF THE CASE ................................................................3

ISSUES PRESENTED ............................................................................7

1.   Whether the District Court erred in dismissing Appellant's race, age, disability, and sex discrimination claims when it found "Appellant makes no allegation that Salas [a decisionmaker] made any adverse employment action against her because of her gender, race, or disability," given that Appellant provided factual allegations that decisionmakers had a discriminatory animus satisfying her pleading requirements under Title VII, ADEA, and the Rehabilitation Act, which warrant Appellant the opportunity for discovery to uncover evidence to satisfy her burden of proof? ...................................................7

2.   Whether the District Court erred in dismissing Appellant's retaliation claims, when it found "Appellant failed to provide factual allegations that permit a reasonable inference that Defendant knew of her protected activity," given that there was a one-month temporal proximity between Appellant's protected activity and her termination, and facts or evidence of Defendant's knowledge should be uncovered through discovery and argued at the summary judgment stage?...........8

3.   Whether the District Court erred in denying Appellant's Motion for Reconsideration for citing to "wrong case law" and relying on summary judgment standards, given that applying summary judgment standards in the analysis of a 12(b)(6) motion creates a fundamental flaw in the District Court's decision that without correction would lead to a result that is both inequitable and not in line with applicable case law? ........................................................................8

STATEMENT OF FACTS....................................................................8

STANDARD OF REVIEW ...................................................................11

SUMMARY OF ARGUMENT .............................................................11

ARGUMENT ......................................................................................14

**I.   THE DISTRICT COURT ERRED IN FINDING THAT APPELLANT FAILED TO STATE A CLAIM OF RACE, AGE, SEX, AND DISABILITY DISCRIMINATION.**..........................................................................................14

    **A.  Appellant's Plausibly Pled a Claim of Race, Age, Sex, and Disability Discrimination under Title VII, the Rehabilation Act, and the ADEA**......14

**II.  THE DISTRICT COURT ERRED IN FINDING THAT APPELLANT FAILED TO STATE A CLAIM OF RETALIATION.**...................................18

    **A.  Appellant's Plausibly Pled a Claim of Retaliation**.................................18

**III. THE DISTRICT COURT ERRED IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION WHEN IT CONFUSED THE DIFFERENCE BETWEEN A PLEADING REQUIREMENT SUBJECT TO A 12(B)(6) MOTION TO DISMISS, AND THE EVIDENTIARY STANDARD APPLICABLE TO A RULE 56 MOTION FOR SUMMARY JUDGMENT.**
    22

**CONCLUSION**......................................................................................................25

**PRAYER**.............................................................................................................26

**CERTIFICATE OF COMPLIANCE**.........................................................................27

**CERTIFICATE OF SERVICE**................................................................................27

## TABLE OF AUTHORITIES

**CASES**                                                                                     **PAGE(S)**

*Alvarado v. Tex. Health & Hum. Servs. Comm'n*, No.,
SA-19-CV-0106-JKP, 2022 WL 707225 (W.D. Tex. Mar. 9, 2022)…... 5, 6, 18, 23

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)…………………………………………....…….. 17, 18

*Bell Atl. Corp. v. Twombly*,
127 S. Ct. 1955 (2007)……………………….……………….……….. 19, 20

*Briceno-Belmontes v. Coastal Bend Coll.*,
No. 2:20-CV-00114, 2022 WL 673854 (S.D. Tex. Mar. 5, 2022)…..…… 17, 19, 20

*Chhim v. Univ. of Texas at Austin ,*
836 F.3d 467 (5th Cir. 2016)……………………………….…..................... 16

*Cicalese v. Univ. of Tex. Med. Branch,*
924 F.3d 762 (5th Cir. 2019)……………………………….…..…... 5, 13, 15, 17

*Evans v. Hous.,*
246 F.3d 344 (5th Cir. 2001)………….………………………………….... 20

*Garayalde-Rijos v. Municipality of Carolina,*
747 F.3d 15 (1st Cir. 2014)……………..….…………………………….... 21

*Lee v. Kansas City S. Ry. Co.,*
574 F.3d 253 (5th Cir. 2009)………………….…..………………………… 16

*LeMaire v. Louisiana Dept. of Trans,*
480 F.3d 383 (5th Cir. 2007)……………………………………..…..…… 20

*McDonnell Douglas Corp. v. Green,*
411 U.S. 792 (1973)……………….…..……………….………………….… 14

*Outley v. Luke & Assocs., Inc.,*
840 F.3d 212 (5th Cir. 2016)……………….…..………………………… 20

*Raj v. Louisiana State University,*
714 F.3d 322 (5th Cir. 2013  ) …………………………………….……..… 24

*Russell v. McKinney Hosp. Venture,*
235 F.3d 219 (5th Cir. 2000)………...………………….……………….... 5, 6

*Simon v. United States,*
891 F.2d 1154 (5th Cir. 1990).………………………………….… 22, 23

*Swierkiewicz v. Sorema N.A.,*
534 U.S. 506 (2002)………..…………..……..…………………….. 14, 15, 24

*Templet v. HydroChem Inc.,*
367 F.3d 473 (5th Cir. 2004).……………………..….……………….... 22

vi

*United States v. Funds from Prudential Sec.*,
245 F. Supp. 2d 41 (D.D.C. 2003)…………….................................................. 22

*Walker v. Thompson*,
214 F.3d 615 (5th Cir. 2000) ……………………………………….……...….. 11

*Wright v. Union Pac. R.R. Co.*,
990 F.3d 428 (5th Cir. 2021)………..…………..………………… 13, 18, 19, 22

## **RULES AND STATUTES**

- FED. R. APP. P. RULE 28
- 5TH CIR. R. 27.1.6
- FED. R. CIV. P. RULE 12(B)(1)
- FED. R. CIV. P. RULE 12(B)(6)
- FED. R. CIV. P. RULE 8(A)
- FED. R. CIV. P. RULE 59(E)
- 42 U.S.C. § 2000(E)(2) – TITLE VII DISCRIMINATION
- 42 U.S.C. § 2000(E)(3) – RETALIATION
- 29 USCS § 621
- 29 U.S.C § 794

## NO. 23-50713

### IN THE UNITED STATES COURT OF
### APPEALS FOR THE FIFTH CIRCUIT

JOANNA SMITH,

*Plaintiff-Appellant*

v.

HONORABLE FRANK KENDALL,
SECRETARY OF THE AIR FORCE

*Defendant - Appellee*

On Appeal from the United States District Court for the Western District of
Texas, USDC No. 5:21-CV-01154-JKP

## APPELLANT'S BRIEF

Appellant, Joanna Smith, files this brief pursuant to Federal Rules of
Appellate Procedure 28. Appellee's 12(b)(1) and 12(b)(6) Motion to Dismiss was
improperly granted by the District Court because the lower court found that
Appellant failed to plead specific facts regarding: (1) allegations of Appellee's
knowledge or reasonable inference Appellee knew of Appellant's protected activity;
and (2) allegations to a support a reasonable inference that Defendant terminated her
employment because of her protected class (age, race, gender, disability). The

District Court erred in its decision to grant the Motion to Dismiss because the District Court did not limit itself to determining whether the Third Amended Complaint gave Appellee fair notice of violations of federal law. Instead, the District Court made several determinations that, without discovery, Appellant was required to produce more factual allegations (which could only be uncovered through discovery) that Appellee terminated Appellant based on her protected class and retaliated against Appellant for engaging in protected activity. In its Memorandum and Opinion, the District Court cited multiple cases that evaluate these claims under a summary judgment standard. The District Court erred when it required Appellant to satisfy a higher pleading burden and substantiate her claims with evidence at the pleading stage. Therefore, we respectfully ask this Court to **REVERSE** the decision of the District Court and **REMAND** the case back to the District Court with instructions to **VACATE** the Order [Dkt. 30] granting Appellee's Motion to Dismiss and allow the case to proceed with initial case discovery.

## <u>JURISDICTIONAL STATEMENT</u>

Joanna Smith ("Ms. Smith/Appellant") appeals from the Order granting Appellee's 12(b)(1) and 12(b)(6) Motion to Dismiss on July 14, 2023, and the Order denying Appellant's Motion for Reconsideration on September 8, 2023.

The Order was entered by the Honorable Judge Jason K. Pulliam in the United States District Court for the Western District of Texas. On October 4, 2023,

Appellant timely filed a notice of appeal. The Fifth Circuit docketed this appeal and gave notice that Appellant's brief was due on January 16, 2024. Appellant now timely files this Appellant brief.

## STATEMENT OF THE CASE

Appellant filed this appeal after the District Court granted Appellee's 12(b)(1) and 12(b)(6) Motion to Dismiss and denied Appellant's Motion for Reconsideration. ROA.201-217, ROA.239-244. After considering the pleadings, and applicable law, the Honorable Judge granted Appellee's Motion to Dismiss because "Appellee had not submitted enough factual allegations to permit a reasonable inference that Defendant knew of her protected activity; and Appellee failed to provide enough factual allegations to a support a reasonable inference that Defendant terminated her employment because of her protected class. ROA.208-214.

On November 12, 2021, Appellant filed suit against the Appellees asserting Complaint under Title VII, the Rehabilitation Act, as amended, and the Age Discrimination in Employment Act, alleging race, gender, and disability discrimination, and retaliation 42 U.S.C. § 2000e-2(a); 29 USCS § 621 *et seq*; 42 U.S.C. § 2000e-(3); 29 U.S.C. § 794. ROA.6-24, ROA.65-77, ROA.83-95. The District Court took judicial notice that Appellant is bringing claims against Appellee under the Rehabilitation Act, not the Americans with Disability Act (ADAAA).

ROA.205. Appellant's ADAAA claim was properly dismissed by Appellee's 12(b)(1) Motion. ROA.205.

On November 17, 2022, filed her first Amended Complaint in the Western District of Texas. ROA.25-46. On April 22, 2022, Appellant filed her Second Amended Complaint. ROA.65-77. On August 18, 2022, Appellant filed her Third Amended Complaint. ROA.83-95.

On October 27, 2022, Appellee filed a 12(b)(1) and 12(b)(6) Motion to Dismiss the Third Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim, in which Appellant opposed in subsequent briefing. ROA.111-196.

On July 14, 2023 the District Court granted Appellant's 12(b)(1) based on the ADAAA claims, and erroneously granted Appellee's 12(b)(6) Motion to Dismiss dismissing Appellant's claims (sex, race, age, disability discrimination and retaliation) with prejudice. ROA.201-217. In the memorandum and opinion, the District Court dismissed Plaintiff's Title VII retaliation claims by citing to improper case law and misapplying summary judgment standards at the pleading stage. Specifically, the District Court found that "Plaintiff had not submitted enough factual allegations to permit a reasonable inference that Defendant knew of her protected activity, and therefore, she has not made enough factual allegations concerning the causal link between her protected activity and her termination."

ROA.211-214. In its analysis, the District Court improperly used numerous cases in making its decision: (i) *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762 (5th Cir. 2019) (reversing a 12(b)(6) motion on appeal); (ii) *Alvarado v. Tex. Health & Hum. Servs. Comm'n*, No. SA-19-CV-0106-JKP, 2022 WL 707225 (W.D. Tex. Mar. 9, 2022) (evaluating decisionmaker's knowledge on summary judgment after discovery concluded); and (iii) *Russell v. McKinney Hosp. Venture*, 235 F.3d 219 (5th Cir. 2000)(represents analysis made under a summary judgment standard). ROA.201-216.

Without any discovery, the District Court erroneously found that Appellant failed to provide enough factual allegations to a support a reasonable inference that Appellee terminated Appellant employment because of her protected class (age, race, gender, disability) and in violation of federal laws (Title VII, ADEA, Rehabilitation Act). ROA.211-214. Appellant respectfully asserts that the District Court did not limit itself to determining whether the Third Amended Complaint gave Appellee fair notice of violations of federal law. ROA.201-216. Instead, the District Court made several determinations that, without discovery, Appellee was required to produced more factual allegations (which could only be uncovered through discovery) that Appellant terminated Appellee based on her protected class and retaliated against Appellee for engaging in protected activity. *Id*.

5

On August 11, 2023, Appellant filed a Motion for Reconsideration asking the District Court to reconsider, reverse, and vacate the Order granting Appellee's Motion to Dismiss. ROA.218-232. Appellant attempted to give the District Court notice of manifest error of law and fact based on the District Court's use of summary judgment cases in analyzing Appellant's pleading burden. *Id*.

On September 8, 2023, the District Court denied Appellant's Motion for Reconsideration and opined:

> "Plaintiff now correctly contends that *Russell* dealt with the legal issue in the context of a motion for summary judgment. But what Plaintiff fails to recognize is that the [t]he Court accurately sets out the legal principle whether the issue is presented in the context of summary judgment or a motion to dismiss. The principle does not change for the two contexts. A legal principle does not become inapplicable in the motion to dismiss context merely because the Fifth Circuit stated the principle in a case at the summary judgment stage. There is no error in citing to Russell in the motion to dismiss context." ROA.241.

> "The Court even pointed out that "[a]lthough the Court decided *Alvarado* in the context of summary judgment, its analysis applies similarly in the context of a motion to dismiss." M&O at 14. The Court's reliance on *Alvarado* in the motion to dismiss context is permissible based on the legal principle. There was no error in relying on the case." ROA.242.

> "Plaintiff, furthermore, never suggested in the briefing on the motion to dismiss that discovery was warranted. Moreover, because the Court found Plaintiff's factual allegations completely lacking in specific regards, there was no basis to consider whether discovery could fill in the pleading gaps." ROA.244. **Appellant mentioned that discovery was warranted in her briefing (*insinuating discovery is needed* "affirmative defenses raised by Defendant are fact-intensive**

**inquiries that cannot be resolved at the pleading stage").** ROA.143-144**.**

"Through the motion for reconsideration, Plaintiff makes new and perhaps improved arguments against the motion to dismiss. But under Rule 59(e) courts do not address new arguments that the movant could have presented prior to dismissal." ROA.244.

Appellant now files this Appeal respectfully requesting this Court **REMAND** this Case back to the District Court and **VACATE** the Dismissal Order because the District Court erred in granting the 12(b)(6) Motion to Dismiss and denying the Motion for Reconsideration.

## ISSUES PRESENTED

1. Whether the District Court erred in dismissing Appellant's race, age, disability, and sex discrimination claims when it found "Appellant makes no allegation that Salas [a decisionmaker] made any adverse employment action against her because of her gender, race, or disability," given that Appellant provided factual allegations that decisionmakers had a discriminatory animus satisfying her pleading requirements under Title VII, ADEA, and the Rehabilitation Act, which warrant Appellant the opportunity for discovery to uncover evidence to satisfy her burden of proof?

2.  Whether the District Court erred in dismissing Appellant's retaliation claims, when it found "Appellant failed to provide factual allegations that permit a reasonable inference that Defendant knew of her protected activity," given that there was a one-month temporal proximity between Appellant's protected activity and her termination, and facts or evidence of Defendant's knowledge should be uncovered through discovery and argued at the summary judgment stage?

3.  Whether the District Court erred in denying Appellant's Motion for Reconsideration for citing to "wrong case law" and relying on summary judgment standards, given that applying summary judgment standards in the analysis of a 12(b)(6) motion creates a fundamental flaw in the District Court's decision that without correction would lead to a result that is both inequitable and not in line with applicable case law?

## STATEMENT OF FACTS

On December 18, 2018, immediately upon her hiring, Appellant was  faced with discriminatory action when she interviewed for the Logistics Management Supervisor position; and after the panel interview questions concluded, it was stated "[Appellant] had to drink some water right now because she is disabled." ROA.84.

On or about January 2019, Appellant reported the incident to Sylvia Reynolds (hereinafter "Ms. Reynolds"), GG-346-14 Chief of Air and Ground COMSEC Products Section and Second Level Supervisor. *Id.* Thereafter, Appellant was subjected to retaliation when she was forced to take a urine test after her repeated refusals to the sexual advances by Mr. Roel Olvera (hereinafter "Mr. Olvera"), GG-1101-13 Program Manager and co-worker. *Id.*

Appellant faced unwarranted sexual advances and discriminatory comments by Robert Frei ("Mr. Frei") and Carl Salas ("Mr. Salas"), stating that "Appellant is "mixed" she cannot go out with Olvera" or "I got her now," after assuming Appellant was getting a divorce. ROA.85.

In February 2019, Appellant was subjected to discriminatory comments, sexual advances, and retaliation: (inappropriate work relationships; discriminatory rumors; getting whistled at; and inappropriate sexual advances by male coworkers). ROA.86. In April 2019, Appellant complained of continued unwelcome sexual advances and inappropriate comments by Mr. Olvera, who even told another employee, "[Appellant] always tell me no." *Id.*

After an unwavering denial of all sexual advances and discrimination, Appellant received multiple reprimands because she refused to partake in the unwelcome sexual advances by Mr. Olvera. *Id.* Thereafter, Appellant her Midterm

Review results with degrading comments, abusive comments, and derogatory comments. ROA.87.

In December 2019, Appellant received negative performance reviews, which indicated that she was "minimally successful." ROA.87-88. Appellant disagreed with the performance rating, and believed it to be discriminatory, and specifically asked her rating to be changed from "minimally successful," to "successful." *Id.* Although, Mr. Salas agreed to remove of the comments made on Appellant's performance review, he concurred that the ratings would stand as is. ROA.88.

After submitting a formal reconsideration request, Appellee agreed to reconsider one performance area and changed her performance rating to "successful," but failed to reconsider any other ratings or supervisor comments. *Id*.

On November 2, 2020, Appellant was forced to make a lateral move from HNC-CPF to HNCPSM, which became effective on November 9, 2020, by her second level supervisor, Mr. Salas. *Id*. On December 10, 2020, Appellant received a notice of proposed removal with an attached memorandum for record, dated October 26, 2020, from her supervisor, Mr. Salas. *Id*. In the memorandum, Mr. Salas made discriminatory comments and spoke against her; leading to unacceptable overall ratings and narratives. *Id*.

In 2019 and 2020, Appellant filed multiple EEO Complaints and complained that she was being discriminated and retaliated against because of her age, race, sex, and disability. <u>ROA.89</u>. While Appellant's complaints went through the investigation phase; Appellant's work environment worsened. Specifically, on January 11, 2021, Appellant filed another EEO complaint when she contacted JBSA-Lackland EO office complaining of further discrimination and retaliation. *Id*.

On January 27, 2021, Mr. Salas, refused to discuss the negative ratings with Appellant, and failed to provide her with any supporting documents that would back up the negative ratings. *Id*. On February 11, 2021, Plaintiff was terminated without any reason. One month after filing an EEO complaint, Appellant's employment was terminated, therefore, there exists a close nexus in time between Appellant's complaints, of discrimination and retaliation and her termination, which creates inferences of retaliatory motives. *Id*.

## STANDARD OF REVIEW

The standard of review in this case is *de novo. Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000).

## SUMMARY OF ARGUMENT

Plaintiff filed her Third Amended Complaint under Title VII, the Rehabilitation Act, as amended, and the Age Discrimination in Employment Act,

alleging race, gender, and disability discrimination, and retaliation 42 U.S.C. §
2000e-2(a); 29 USCS § 621 *et seq*; 42 U.S.C. § 2000e-(3); 29 U.S.C. § 794.

The trial court erred when it granted Appellee's 12(b)(1) and 12(b)(6) Motion
to Dismiss and dismissed Appellant's claims with prejudice, by citing to wrong case
law and misapplying summary judgment standards at the pleading stage.
Specifically, the District Court erred when it dismissed Appellant's retaliation claim
when it found that "Appellant had not submitted enough factual allegations to permit
a reasonable inference that Appellee knew of her protected activity, and therefore,
she has not made enough factual allegations concerning the causal link between her
protected activity and her termination."

Furthermore, the District Court erred when it found that Appellant failed to
provide enough factual allegations to a support a reasonable inference that Appellee
terminated her employment because of her protected class (age, race, gender,
disability) and in violation of federal laws (Title VII, ADEA, Rehabilitation Act),
given that the Third Amended Complaint provides factual allegations that Appellant
experienced disparate treatment and that she was terminated because of her protected
class (race, age, gender, disability).

The District Court did not limit itself to determining whether the Third
Amended Complaint gave Appellee fair notice of violations of federal law. Instead,
the District Court erred when it made several determinations that, without discovery,

12

Appellant was required to produced more factual allegations (which could only be uncovered through discovery) that Appellee terminated Appellant based on her protected class and retaliated against her for engaging in protected activity. The District Court erred by citing multiple cases that evaluate these claims under a summary judgment standard. The District Court cited: (i) *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019) ("The district court erred by holding [the plaintiffs] to a heightened pleading standard; and (ii) *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428 (5th Cir. 2021) (where the Fifth Circuit reversed and remanded a 12(b)(6) Motion under similar circumstances).

Even though, the District Court recognized a close proximity in time between Appellant's termination and protected activity; the District Court erred when it took the inferential leap that no reasonable inferences could be made based on those facts, even though Appellant's termination occurred one month after her protected activity and complained about discriminatory comments by an alleged decisionmaker.

In so holding, the District Court required a greater specificity of pleading from Appellant than is required under applicable authority and confused the difference between a pleading requirement subject to a 12(b)(6) Motion to Dismiss, and the evidentiary requirement applicable to a Rule 56 Motion for Summary Judgment. Therefore, Appellant alleges that the District Court erred in dismissing her race, age, sex, disability discrimination, and retaliation claims. Because Appellant pled

13

sufficient facts to state a claim of discrimination and retaliation; these causes of action should be reinstated, and the District Court's Order of Dismissal must be **REVERSED, REMANDED, and VACATED for further proceedings**.

### ARGUMENT

**I.     THE DISTRICT COURT ERRED IN FINDING THAT APPELLANT FAILED TO STATE A CLAIM OF RACE, AGE, SEX, AND DISABILITY DISCRIMINATION.**

**A.     Appellant's Plausibly Pled a Claim of Race, Age, Sex, and Disability Discrimination under Title VII, the Rehabilation Act, and the ADEA.**

We respectfully believe the District Court erred by holding Appellant to an improperly high pleading standard and confused the difference between a pleading requirement subject to a 12(b)(6) Motion to Dismiss, and the evidentiary requirement applicable to a Rule 56 Motion for Summary Judgment. "At the Rule 12(b)(6) stage, [a court's] analysis of [a] Title VII claim is governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)—and not the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*[.]" *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 599 (5th Cir. 2021).

Under *Swierkiewicz*, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because of* her protected status." *Id.* (internal quotations omitted) (emphasis in original).Here, Appellant met this burden. Her

14

Amended Complaint alleges that her comparators, who had the same job titles, responsibilities, and supervisors were treated more favorably, not subjected to harassment, and were not fired for similar circumstances. Thus, Appellant adequately alleged that (i) she was subject to an adverse employment action—her termination—(ii) it was taken against her because of her protected status (i.e. discriminatory comments (based on disability, race, sex, age) by Salas, or other decisionmakers, which is to be uncovered through discovery, and (iii) her comparators who are another race, gender, age, and disability were not fired. This meets the *Swierkiewicz* requirements. *See Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019) ("The district court erred by holding [the plaintiffs] to a heightened pleading standard. The court's analysis of the complaint's allegations—scrutinizing whether [the plaintiffs'] fellow employees were really 'similarly situated' and whether [their superiors'] derogatory statements about Italians amounted to 'stray remarks'—was more suited to the summary judgment phase).

In its Memorandum & Order, the District Court found, "Plaintiff provides no factual allegations from which the Court can reasonably infer that she is disabled and comments about her disability do not support a reasonable inference that her employer regarded her as having any substantially limiting impairment." Similar to *Cicalese*, whether Appellee perceived Appellant to be disabled based on comments

15

by her supervisor that she had a disability is more suited for the summary judgment phase to allow discovery to uncover these fact questions.

The District Court found "Plaintiff abandoned any race discrimination claim, but her allegations do not support a reasonable inference that Defendant terminated her in February 2021 because of her race. Similarly, she has no allegations to support a reasonable inference that Defendant terminated her because of her age. The Court thus dismisses Plaintiff's race and age discrimination claims." Moreover, the District Court found "Plaintiff has made no factual allegation that connects her termination with her gender."

However, Appellant did not abandon any race discrimination or age discrimination claim and pled, sufficiently, similar comparators who are of different race, gender, age, and disability but who were not fired for the same or similar conduct. For sex discrimination, based on the Third Amended Complaint, it can be reasonably inferred that Appellant has alleged she was treated differently from other employees because of her sex because male employees were not terminated for similar performance/conduct as Plaintiff nor warranted to unwelcome sexual advances. ROA.83-89. For race, age, and disability claims Appellant has pled there exists similarly situated employees outside her protected class that were treated more favorably. ROA.89-92. This is enough at the Rule 12(b)(6) stage. *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). Because whether

employees "similarly situated" to Appellant is a question of law and faces a demanding standard in this Circuit, *see Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009), but that is for the Court to determine at the summary judgment stage. Appellant asked the Court for additional discovery to uncover evidence of similarly situated employees outside her protected class. Moreover, Appellant sufficiently alleged and created reasonable inferences that she suffered an adverse employment action because of her protected class, given that the decisionmakers displayed a discriminatory animus towards her based on her protected class. Clearly, the Fifth Circuit has required Courts to make these type of assessments, on whether Appellee improperly based its decision to terminate Appellant because of her protected class, on a summary judgment motion. *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). Based on the District Court's err, Appellant has been denied the opportunity to gather evidence and depose individual decisionmakers to prove that improper criteria was used to make the decision to terminate her employment. To impose such a rigorous inquiry at the pleading stage, **when discovery has not occurred**, would make it nearly impossible to bring a circumstantial case of employment discrimination. *Briceno-Belmontes v. Coastal Bend Coll.*, No. 2:20-CV-00114, 2022 WL 673854, at *4 (S.D. Tex. Mar. 5, 2022).

17

As a result, it is clear that contrary to the District Court's holding, Appellant did in fact plead sufficient facts allowing the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009). Therefore, we respectfully ask this Court to **VACATE** the Order dismissing Appellant's discrimination claims (race, age, gender, disability) and **REMAND** this case back to the District Court for further proceedings.

## II.     THE DISTRICT COURT ERRED IN FINDING THAT APPELLANT FAILED TO STATE A CLAIM OF RETALIATION.

### A.     Appellant's Plausibly Pled a Claim of Retaliation.

In the Memorandum, the District Court cited *Wright*, that "At this stage, this requires Plaintiff "to allege facts permitting at least an inference of her employer's knowledge of her protected conduct in order to establish the required causal link between her conduct and the alleged retaliation." *Wright v. Union Pac. R.R. Co*., 990 F.3d 428 (5th Cir. 2021) (where the Fifth Circuit reversed and remanded a 12(b)(6) Motion under similar circumstances). However, the District Court used *Wright* but failed to cite the relation to a 12(b)(6) Motion; the District Court opined:

> "Although Plaintiff relies on the fact that the termination occurred within a month of her formal EEOC complaint, the absence of any allegation that Defendant had the requisite knowledge of that protected activity "prevents use of temporal proximity to show a causal link as Plaintiff wants." *See Alvarado v. Tex. Health & Hum. Servs. Comm'n*, No. SA-19-CV-0106-JKP, 2022 WL 707225, at *5 (W.D. Tex. Mar. 9, 2022) (a case decided on summary judgment standards).

*Id.* at pg. 14. Here, the only contention the District Court and Appellee had with Appellant's pleadings, regarding retaliation, is the last element of a Title VII retaliation claim which requires a showing of a causal connection between the protected activity and the adverse employment action. In *Briceno-Belmontes*, the Southern District denied a 12(b)(6) motion where the Plaintiff "did not identify in her Complaint who made the decision to terminate her employment, nor did she allege whether that person was aware of her allegedly protected complaint(s)." However, that District Court found:

> "[A]t the pleading stage of a Title VII retaliation claim, a plaintiff need not make out a prima facie case of retaliation to survive a Rule **12(b)(6)** motion to dismiss. *Wright*, 990 F.3d at 433. Rather, she only needs to plausibly allege facts "going to the ultimate elements of the claim." *Id.* Plaintiff satisfies her pleading burden. Her protected activities are her two instances of internal complaints of national origin discrimination. It is uncontested that her firing was an adverse employment action. And, reading the facts alleged in the light most favorable to Briceno-Belmontes, the Court could reasonably infer that CBC terminated her because of her complaints of national origin discrimination. *Briceno-Belmontes*, at 6.

Here, Appellant met her pleading burden. Appellant alleges she made multiple EEO internal complaints, and it can be inferred that Appellee had knowledge of Appellant's prior EEO activity. At the motion to dismiss stage, Appellant's history of multiple EEO complaints (that were all pending at the time of termination) is enough to infer that the employer had knowledge of Appellant's

protected activity, even though Appellant does not state specifically who fired her. *See Cicalese v. Univ. of Texas Med. Branch,* 924 F.3d 762, 768 (5th Cir. 2019). After all, pleading enough facts to state a plausible claim of retaliation "simply calls for enough facts **to raise a reasonable expectation that discovery will reveal evidence**" sufficient to state a claim. *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. (emphasis added).

Here, Appellant alleges discovery will reveal whether the decisionmaker(s) had actual knowledge of Appellant's protected activity, or if she can advance a cat's paw theory, or neither. *See, e.g., Zamora v. City Of Houston*, 798 F.3d 326, 331 (5th Cir. 2015) ("Under [the cat's paw] theory, a plaintiff must establish that the person with a retaliatory motive somehow influenced the decisionmaker to take the retaliatory action.").

Moreover, the proximity of the EEO complaint in January 2021 and her firing in February 2021 is enough to create an inference of causation. *See Briceno-Belmontes* (denying 12(b)(6) motion because a one-month time frame is enough to create an inference of causation. *See, e.g., Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 219 (5th Cir. 2016) (concluding that about **two months' difference is close enough to show a *prima facie* causal connection**, even in the more onerous summary judgment context) (emphasis added); *See Evans v. Hous.* , 246 F.3d 344, 354 (5th Cir. 2001) (noting that "a time lapse of up to four months" may be

sufficiently close); *LeMaire*, 480 F.3d at 390 (stating that a lapse of two weeks suggests a causal connection).

Again, in the Memorandum and Opinion, the District Court erred by analyzing Appellant's pleading burden by citing summary judgment cases. It follows then that the Fifth Circuit would foreclose subsequent protected activity, standing alone, from restarting the "temporal-proximity clock" after the plaintiff had the benefit of discovery. That is, it is logical that the Fifth Circuit would hold plaintiffs to a higher standard at the summary judge stage of a case—but at this stage, it is too much. The *Briceno-Belmontes* District Court considered the use of temporal proximity to satisfy the causation requirement under a Title VII retaliation claim and held at the Rule 12(b)(6) stage, unlike the cases cited by this Court, the *Briceno-Belmontes* Court looked at the First Circuit precedent explaining:

> The parties have directed us to no case dismissing a Title VII retaliation claim under Rule 12(b)(6) utilizing only a temporal analysis to defeat causation allegations. Once a complaint has alleged enough facts that retaliation for protected conduct is *plausible*, the plaintiff is entitled to proceed to discovery .... And discovery might unearth evidence of retaliation such that at summary judgment or trial, the plaintiff will not have to rely heavily on the "temporal proximity" between protected conduct and adverse actions to prove her case. *Citing Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15 (1st Cir. 2014).

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the case. Therefore, the District Court erred in

dismissing Appellant's retaliation claim, based on lack of allegations as to the decisionmakers' knowledge of Appellant's protected activity, without the opportunity for discovery to uncover evidence to satisfy the burden of proof, which the District Court in err required at the pleading stage. Appellant pled sufficient facts showing a causal connection between her protected activity and her firing, given that Appellant was terminated within one-month after her last EEO complaint, in which she had multiple pending at the time of her termination. Appellant's factual allegations of "very close" temporal proximity would permit the inference that Appellee fired her because of her protected activity. *See Wright*, 990 F.3d at 434. Therefore, we respectfully ask this Court to **VACATE** the Order dismissing Appellant's retaliation claims and **REMAND** this case back to the District Court for further proceedings.

### III. THE DISTRICT COURT ERRED IN DENYING APPELLANT'S MOTION FOR RECONSIDERATION WHEN IT CONFUSED THE DIFFERENCE BETWEEN A PLEADING REQUIREMENT SUBJECT TO A 12(B)(6) MOTION TO DISMISS, AND THE EVIDENTIARY STANDARD APPLICABLE TO A RULE 56 MOTION FOR SUMMARY JUDGMENT.

The District Court should have reconsidered its decision to dismiss the Appellant's claims under Federal Rule of Civil Procedure 59(e). A district court is compelled to grant a Rule 59(e) motion to alter or amend in order to prevent manifest injustice. *See United States v. Funds from Prudential Sec*., 245 F. Supp. 2d 41, 45

(D.D.C. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). As a result, the Fifth Circuit reviews the denial of a Rule 59(e) motion only for abuse of discretion. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Here, Appellant contended that the District Court committed manifest injustice when the Court made improper determinations utilizing summary judgment standards to determine whether Appellant sufficiently stated claims upon which relief can be granted. The District Court's opinion ultimately heightened the pleading standard for future Plaintiff cases brought under Title VII, ADEA, and the Rehabilitation Act, which now allows similarly situated District Courts in the Fifth Circuit to rely on *Alvarado v. Tex. Health & Hum. Servs. Comm'n*, in the motion to dismiss context and "there is no err in relying on the case."

In its holding, the District Court clearly confused the difference between a pleading requirement subject to a 12(b)(6) Motion to Dismiss, and the evidentiary requirement applicable to Rule 56 Motion for Summary Judgment. ROA.201-216. For example, in discussing the sufficiency of pleading in Appellant's Complaint, the District Court erroneously referred to the evidentiary standard that, in order to "establish" retaliation, a Plaintiff must plead allegations that Defendant had the requisite knowledge of her protected activity. ROA.240-241. The District Court

23

abused its discretion when it further stated that the principles found in *Russell* or *Alvarado* applies in both the context of a motion to dismiss and in the context of a motion for summary judgment, and there is no error in relying on these cases. ROA.242.

As explained above, such a requirement of detailed factual allegations at the pleading stage is improperly rigid and unnecessary to state a claim for retaliation in the Complaint. *Raj v. Louisiana State University*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12, 122 S. Ct. 992 (2002)). Rather, factual allegations, such as those pled by Appellant, rather than conclusions and labels, are what is necessary to state a claim. This standard, Appellant has clearly satisfied. Indeed, the District Court's confusion comes clearly into focus in seeing that in its analysis, the District Court relied only upon cases that were decided under evidentiary standards applicable to Rule 56 or jury verdicts, as opposed to the 12(b)(6) pleading stage.

In light of the above, Appellee's 12(b)(1) and 12(b)(6) Motion to Dismiss clearly should have been denied. Moreover, after receiving notice of manifest injustice, (i.e. using summary judgment standard at the pleading stage), and failing to reconsider its Opinion, the District Court abused its discretion when it made an error of law and fact by analyzing Appellant's burden using improper case law. In the alternative, at the very least, to the extent that the District Court was imposing

the stricter pleading standard, it should have treated Appellee's Motion as a Motion for Summary Judgment, requested additional pleadings (or evidence under Rule 56 to support the pleadings), and proceeded accordingly. The District Court's Order of Dismissal and Final Judgment must be **VACATED, REVERSED, and REMANDED.**

## CONCLUSION

The District Court's holding is against the clear authority governing this case. Therefore, this Court should reverse the District Court's Order of Dismissal and Final Judgment entered by the District Court in favor of Defendant-Appellee. The specific reasons for dismissal, raised by the lower court, are fact-intensive inquiries that cannot be resolved at the pleading stage; therefore, Appellee's motions should have been **DENIED** to allow discovery to uncover evidence to support Appellant's burden of proof. Appellant respectfully asks the Court to **<u>REVERSE</u>** the district court's decision and remand with instructions to VACATE the ORDER granting the Motion to Dismiss. For these reasons, the trial court did err in granting each Appellee's 12(b)(1) and 12(b)(6) Motion to Dismiss.

## PRAYER

WHEREFORE, premises considered, Appellant move the Court to **GRANT**

this appeal and **REVERSE AND REMAND** the trial court's order granting each

Appellee's Motion.

Dated: January 16, 2024                    Respectfully Submitted,



   **/s/ *Eddie Hodges Jr.*___**
**Eddie Hodges Jr.**
Texas Bar No. 24116523
Federal Bar ID 3479748
**Alfonso Kennard Jr.**
Texas Bar No. 24036888
S.D ID No. 713316
5120 Woodway Dr. Suite 10010
Houston, Texas 77057
T: (713) 742-0900
F: (713) 742-0951
eddie.hodges@kennardlaw.com
alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

As required by Tex. R. App. P. 9.4(i)(2)(B) and (3), I certify that the number of words in Appellant's Brief is 5,440 words. I relied on the computer program used to prepare the document for the word count.

_/s/ Eddie Hodges Jr.__
Eddie Hodges, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance, via the Court's electronic filing system, on January 16, 2024.

_/s/ Eddie Hodges Jr.__
Eddie Hodges, Jr.