No. 23-50713

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

JOANNA SMITH,

*Plaintiff-Appellant*,

v.

HONORABLE FRANK KENDALL,
SECRETARY OF THE AIR FORCE,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Western District of Texas

## BRIEF FOR APPELLEE

**Jaime Esparza**
United States Attorney

Cassius R.P. Borel
Assistant United States Attorney
Western District of Texas
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7355
(210) 384-7358 fax

## Recommendation on Oral Argument

Oral argument is unnecessary. The briefs and record adequately present the facts and legal arguments relevant to this appeal, and oral argument would not significantly aid the decisional process. *See* Fed. R. App. P. 34(a)(2)(C).

# Table of Contents

Recommendation on Oral Argument ................................................................ i

Table of Contents ........................................................................................... ii

Table of Authorities........................................................................................ iii

Statement of Jurisdiction ................................................................................1

Statement of the Issues ...................................................................................1

Statement of the Case .....................................................................................1

Summary of the Argument...............................................................................5

Standard of Review.........................................................................................9

Argument…......………………………………………………………..11

      A.     The District Court Correctly Dismissed Appellant's
Discrimination Claims ...........................................................11

      B.     The District Court Correctly Dismissed Appellant's
Claim of Disability Discrimination.......................................... 22

      C.     The District Court Correctly Dismissed Appellant's
Claim of Retaliation ............................................................... 25

      D.     There Was No Abuse of Discretion in the District Court
Denying Appellant's Motion for Reconsideration.................. 29

Conclusion ................................................................................................... 32

Certificate of Service .................................................................................... 33

Certificate of Compliance............................................................................. 34

# Table of Authorities

## Cases

*Alkhawaldeh v. Dow Chemical Company*,
851 F.3d 422 (5th Cir. 2017) ................................................. 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................10, 11

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................... 6, 10, 12, 16, 17

*Briceno-Belmontes v. Coastal Bend Coll.*,
2022 WL 673854 at *4 (S.D. Tex. March 5, 2022) ........................... 18, 19

*Cicalese v. Univ. of Texas Med. Branch*,
924 F.3d 762 (5th Cir. 2019) ................................................. 18

*Def. Distributed v. U.S. Dept of State*,
947 F.3d 870 (5th Cir. 2020) .......................................................8

*Delano-Pyle v. Victoria County, Tex.*,
302 F3d 567 (5th Cir. 2002) ................................................. 22

*EEOC v. E.L Du Pont de Nemours & Co.*,
480 F.3d 724, 729 (5th Cir. 2007) ........................................... 24

*Gosby v. Apache Indus. Servs., Inc.*,
30 F.4th 523 (5th Cir. 2022) ............................................... 6, 23

*Heinze v. Tesco Corp.*,
971 F.3d 475 (5th Cir. 2020) ............................................... 6, 17

*Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross Blue Shield of Georgia, Inc.*,
892 F.3d 719 (5th Cir. 2018) ...................................................9

*Jenkins v. Louisiana Workforce Commission*,

713 Fed. Appx. 242 (5th Cir. 2017) ........................................................ 27

Johnson v. McDonald,

    623 Fed. Appx. 701 (5th Cir. 2015) ............................................................8

Kemp v. Holder,

    610 F.3d 231 (5th Cir. 2010) ............................................................ 22, 23

Lee v. Kansas City S. Ry. Co.,

    574 F.3d 253 (5th Cir. 2009) ................................................................. 17

Manning v. Chevron Chem. Co., LLC,

    332 F.3d 874 (5th Cir. 2003) ............................................................. 8, 26

Matter of Bradley,

    989 F.2d 802 (5th Cir. 1993) ...................................................................9

McDonnell Douglas Corp. v. Green,

    411 U.S. 792 (1973) ............................................................................. 12

Meinecke v. H&R Block of Houston,

    66 F.3d 77 (5th Cir. 1995) ...............................................................7, 11

Melancon v. Lafayette Gen. Med. Ctr., Inc.,

    2023 WL 6621679 (5th Cir. Oct. 11, 2023) ............................................ 28

Olivarez v. T-mobile USA, Inc.,

    997 F.3d 595 (5th Cir. 2021) ......................... 11, 12, 19, 20, 21, 23, 25, 29

Raj v. Louisiana State Univ.,

    714 F.3d 322 (5th Cir. 2013) ....................................................... 7, 19, 21

Rosenzweig v. Azurix Corp.,

    332 F.3d 854 (5th Cir. 2003) ...................................................................9

Schoenbauer v. Deutsche Bank National Trust,

    2023 WL 3452074 (5TH Cir. May 15, 2023) ........................................... 32

Swierkiewicz v. Sorema N.A.,

    534 U.S. 506 (2002) ............................................................................. 12

*T.B.ex rel. Bell v. Nw Indep. Sch. Dist.,*

  980 F.3d 1047 (5th Cir. 2020) .................................................8, 9, 11, 29

*Waldrip v. General Elec. Co.,*

  325 F.3d 652 (5th Cir. 2003) ........................................................ 23

*White v. U.S. Corr.,*

  996 F.3d 302 (5th Cir. 2021) .........................................................6

*Wright v. Union Pac. R.R. Co.,*

  990 F.3d 428 (5th Cir. 2021) ...................................................... 25

*Yee v. Baldwin-Price,*

  325 F. Appx 375 (5th Cir. 2009) ....................................................2

*Zinnah v. Lubbock State Supported Living Center*,

  2023 WL 7314350 (5th Cir. Nov. 6, 2023) ................................. 19, 20, 21

**Statutes**

28 U.S.C. § 1291 ............................................................................  1

29 U.S.C. § 705(9)(A) .................................................................  23

29 U.S.C. § 705(9)(B) .................................................................  23

42 U.S.C. § 12102 .......................................................................  23

42 U.S.C. § 12102(1) ...................................................................  23

42 U.S.C. § 12102(2)(A) ..............................................................  24

42 U.S.C. § 12102(2)(B) ..............................................................  24

**Regulations**

29 C.F.R. § 1614.105(a)(1) ...........................................................2

**Rules**

Federal Rule of Civil Procedure 8(a)(2) .......................................11

Federal Rule of Civil Procedure 12(b)(1) .......................................2

Federal Rule of Civil Procedure 12(b)(6) ............... 2, 3, 5, 10, 11, 12, 30, 31

Federal Rule of Civil Procedure 59(e) .............................. 3, 8, 10, 11, 29, 32

**Jurisdiction**

The District Court entered final judgment in this civil case after granting Appellee's Motion to Dismiss. ROA.217. Appellant Joann Smith ("Smith") filed a timely notice of appeal. ROA.245-46. This Court has jurisdiction under 28 U.S.C. § 1291.

**Statement of the Issues**

The issues presented for this Court's review are as follows:

1.    Did the District Court err in dismissing Appellant's discrimination claims based upon race, age, gender, and disability, as well as her retaliation claim when it found Appellant failed to allege sufficient facts to state a plausible claim.

2.    Did the District Court err in denying Appellant's Motion for Reconsideration.

**Statement of the Case**

In the Third Amended Complaint, Smith asserts multiple claims. They are, in the order articulated, (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) disability discrimination in violation of the Americans with Disabilities Amended Act ("ADAA"); (3) age discrimination in violation of the Age Dirsimination in Employment Act ("ADEA"); (4) retaliation in violation of Title VII; and (5)

racial discrimination in violation of Title VII. All of Smith's claims arise from her employment with and separation from the Appellee Department of the Air Force ("Air Force"). ROA.83-95.

In the District Court action, the Air Force moved to dismiss Smith's Third Amended Complaint, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that those claims where Smith failed to raise a claim in a timely manner were administratively barred, that Smith failed to provide sufficient factual allegations to state a claim upon which relief could be granted, and that the District Court lacked jurisdiction over Smith's claims brought pursuant to the ADAA. ROA.111-24.[1]

Smith filed a response in opposition to the motion to dismiss, in which Smith conceded the District Court's lack of jurisdiction over the ADAA claims and indicated an intent to amend to state a disability claim pursuant to the Rehabilitation Act. ROA.135-45.

On July 14, 2023, the District Court dismissed Smith's Third Amended Complaint, finding that the alleged facts were insufficient to state

---

[1] *The Air Force moved to dismiss pursuant to 12(b)(1), any claims related to any inappropriate sexual advances from 2019, as there are no allegations showing Smith timely initiated contact with an EEO counselor. 29 C.F.R. § 1614.105(a)(1); see also Yee v. Baldwin-Price, 325 F. Appx 375, 378 (5th Cir. 2009). The District Court did not address this issue, and although same is not an issue brought by Smith in this appeal, the Air Force does not waive this as a ground for dismissal. ROA.117.*

a plausible claim for disability discrimination under the Rehabilitation Act, and insufficient to state a claim for discrimination under Title VII and the ADEA. ROA.201-16.[2]  On that same day, the District Court entered its Final Judgment in favor of Appellee.  ROA.217.

Smith filed a Motion to Reconsider the Memorandum Opinion and Order, asking the District Court to reconsider, reverse and vacate its order granting the Air Force's Motion to Dismiss.  ROA.218-31.  The District Court on September 8, 2023, after analyzing Smith's Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e), denied the motion.  The District Court found that it applied the correct standard when analyzing motions invoking Fed. R. Civ. P. 12(b)(6), and that Smith failed to identify any newly discovered or previously unavailable evidence.  ROA.239-44.

On appeal, Smith challenges the District Court's dismissal of the Third Amended Complaint, and the District Court's denial of the Motion to Reconsider.

Smith argues that there are sufficient facts pled in the Third Amended Complaint to plausibly state a claim for retaliation as well as for race and gender discrimination under Title VII, age discrimination under the ADEA

---

[2] *The District Court dismissed Smith's claims under the ADAA without prejudice for lack of jurisdiction but dismissed all of her other claims with prejudice for failure to state a plausible claim.*

and disability discrimination under the Rehabilitation Act. Smith argues further that the District Court erred in denying the motion for reconsideration. *See generally*, Appellant's Brief.

Smith contends that the District Court committed error when it found that the Third Amended Complaint did not contain sufficient factual allegations to show a causal link between Smith's protected activity and her termination. Appellant's Brief at 19. Smith also claims the District Court cited to the wrong case law and misapplied the summary judgment standard at the pleading stage. Appellant's Brief at 19.

Regarding the discrimination claims, Smith claims that the District Court erred in finding that she failed to provide enough factual allegations to support a reasonable inference that the Air Force terminated her employment because of her protected class (age, race, gender, disability). Appellant's Brief at 19. Smith argues that the District Court was in error in requiring that she produce more factual allegations which could only be uncovered during discovery, and she was therefore held to the summary judgment standard. Appellant's Brief at 20. As a result, Smith maintains that the District Court required greater specificity of pleading than is required at the pleading stage. Appellant's Brief at 20.

Lastly, Smith argues that the District Court erred in denying her Motion for Reconsideration. Appellant's Brief at 29. Smith contends that the District Court committed manifest error by analyzing the case under the summary judgment standard to determine if the allegations sufficiently stated a claim upon which relief could be granted. Appellant's Brief at 30. After receiving notice of manifest error, Smith claims that the District Court should have reconsidered its opinion or should have treated the Air Force's Motion to Dismiss as one for summary judgment and requested additional pleadings or evidence. Appellant's Brief at 31-32.

Ultimately, Smith is requesting that the District Court's Order of Dismissal and its Final Judgment be vacated, reversed and that the case be remanded. Appellant's Brief at 32.

## Summary of the Argument

The District Court correctly dismissed Smith's claims of race, age, gender and disability discrimination. The District Court did not apply the wrong standard, and correctly applied the standard used in evaluating motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). In its Memorandum Opinion and Order, the District Court went out of its way to provide citations explaining the pleadings requirements and the standard for analyzing a complaint when ruling on a motion to dismiss. ROA.201-16.

5

Specifically, the District Court's Memorandum Opinion and Order reads, "When ruling on a motion to dismiss, courts accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., LLC*, 996 F.3d 302, 306-07 (5th Cir. 2021). As the Memorandum Opinion and Order correctly points out, courts do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citations and internal quotation marks omitted). Citing to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), the District Court noted that "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" Additionally, "plaintiffs must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The District Court applied the correct standard, and in using that standard, found that the Smith's Third Amended Complaint did not provide sufficient factual allegations to support her discrimination claims.

As to Smith's disability claim, the District Court correctly reasoned that the facts alleged were insufficient to state a claim for relief. To state a disability claim, one must have a disability. *Gosby v. Apache Indus. Servs.,*

*Inc.*, [30 F.4th 523, 526](5th Cir. 2022). Smith provides no factual allegations in the Third Amended Complaint from which the District Court could have reasonably inferred that she was disabled.

All of Smith's claims of discrimination lack sufficient factual allegations. This Court has determined that the ultimate question in Title VII disparate treatment claims remains "whether a defendant took the adverse employment action against a plaintiff *because* of her protected status." *Raj v. Louisiana State University*, [714 F.3d 322, 331](5th Cir. 2013) (emphasis in original).[3] The adverse employment action Smith is relying upon is the termination of her employment. However, the Third Amended Complaint contains no factual allegations linking Smith's termination to her race, age, gender or disability. She provides no allegations of any similarly situated employee at all outside of any of her protected classes that was treated more favorably. Smith's race, age, gender, and disability discrimination claims were properly dismissed given the failure to plead sufficient facts.

Smith's retaliation claim was properly dismissed as there is no factual allegation showing knowledge of her protected activity. Retaliation claims have three elements: (1) the employee must engage in activity protected by

---

[3] *Because requirements for stating Title VII and ADEA discrimination claims are essentially the same, courts analyze them together.  Meinecke v. H&R Block of Houston,* [66 F.3d 77](5th Cir. 1995)*.*

Title VII, (2) the employer must take an adverse employment action against the employee, and (3) there must be a causal connection between that protected activity and the adverse employment action. *Johnson v. McDonald*, 623 Fed. Appx. 701, 703 (5th Cir. 2015). To establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity. *Id*. at 704, citing *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 (5th Cir. 2003). Therefore, Smith was required to pled facts permitting a reasonable inference that the Air Force had knowledge of her protected activity to establish the required causal link. Smith however failed to include any such allegation in the Third Amended Complaint.

The District Court properly denied Smith's Motion to Reconsider. Motions for reconsideration or rehearing are typically treated as Fed. R. Civ. P. 59(e) motions. *T.B.ex rel. Bell v. Nw Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020). Relief under Rule 59(e) may only issue if plaintiffs demonstrate a manifest error of law or fact or newly discovered evidence. *Def. Distributed v. U.S. Dept of State*, 947 F.3d 870, 872-73 (5th Cir. 2020). A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise argument which could, and

should, have been made before the judgment issued.  *Bell*, 980 F.3d at 1051,

citing, *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003).

Smith argued in the Motion for Reconsideration that the District

Court, by citing to cases that were being decided at the summary judgment

stage, held them to the higher summary judgment standard.  Therefore,

Smith believes in analyzing the Third Amended Complaint, the District

Court required that she produce more factual allegations than should have

been required at this stage.  ROA.218-31.

In its Memorandum Opinion and Order, the District Court advised that

Smith's Motion for Reconsideration failed to show any manifest error of law

or fact and presented no newly discovered evidence.  ROA.239-44.  Smith

therefore failed to meet her burden and the District Court correctly denied

the motion.

For all of the above stated reasons, the judgment of the District Court

should be affirmed.

### Standard of Review

This Court reviews a dismissal for lack of subject matter jurisdiction

or for failure to state a claim de novo.  *Innova Hosp. San Antonio, Ltd.*

*P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th

Cir. 2018); *Matter of Bradley*, 989 F.2d 802, 804 (5th Cir. 1993).

The sufficiency of a pleading to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) is evaluated under the two-step process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  First, the Court must identify the Complaint's factual allegations, which are assumed to be true, and distinguish them from any statements of legal conclusion, which are not entitled to the assumption of truth.  *Iqbal*, 556 U.S. at 678, 680-81.  Second, the Court must assess whether the assumed-as-true factual allegations set forth a plausible claim to relief.  This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct[.]"  *Iqbal*, 556 U.S. at 679.  Ultimately, the claim is subject to dismissal if it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Rule 59(e) of the Federal Rules of Civil Procedure does not expressly recognize a "motion for reconsideration."  *See*, Fed. R. Civ. P. 59.  However, "motions for reconsideration or rehearing are typically treated as Fed. R. Civ. P. 59(e) motions.  This court reviews a district court's denial of a Rule

59(e) motion to alter or amend the judgement for abuse of discretion.  *Bell*, 980 F.3d at 1051.

## Argument

### A. The District Court Correctly Dismissed Appellant's Discrimination Claims

Federal Rule of Civil Procedure 12(b)(6) governs dismissal for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Although the pleading standard Rule 8 announces does not require detailed factual allegations, it demands more than labels and conclusions. *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 599 (5th Cir. 2021), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint survives a motion to dismiss only if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

In her Third Amended Complaint, Smith has brought race and gender discrimination claims under Title VII, an age discrimination claim under the ADEA, and a disability discrimination claim which was analyzed under the Rehabilitation Act.  ROA.83-95.  Requirements for stating Title VII and ADEA discrimination claims are essentially the same, therefore courts analyze them together. *Meinecke v. H&R Block of Houston*, 66 F.3d 77 (5th

11

Cir. 1995).  At the Rule 12(b)(6) stage the analysis of Title VII claims is governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  *Olivarez*, 997 F.3d at 599.  Under *Swierkiewicz*, there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff *because* of her protected status.  *Id*. at 599 - 600.

Although Smith was not required to submit evidence to establish a prima facie case of discrimination under the evidentiary standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), when a Title VII disparate treatment claim depends on circumstantial evidence as Smith's does, the plaintiff will ultimately have to show that he can satisfy the *McDonnell Douglas* framework.  *Olivarez*, 997 F.3d at 600.  As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege *facts* that nudge an asserted claim across the line from conceivable to plausible. *Twombly,* 550 U.S. at 563 (emphasis added).

Smith's discrimination claims fail, because she has alleged no facts from which a court can reasonably infer that she was terminated because of any protected status.  Specifically, a plaintiff must allege facts sufficient to support a finding that he was treated less favorably than other outside of his protected class.  *Olivarez*, 997 F.3d at 600, citing, *Alkhawaldeh v. Dow*

*Chemical Company*, 851 F.3d 422, 427 (5th Cir. 2017).  The Third Amended Complaint contains no such allegations.

In Count Three of the Third Amended Complaint, Smith claims to have been discriminated against based upon her age.  ROA.91-92.  The Third Amended Complaint however is void of any *factual* allegation showing any similarly situated employee outside of her protected class (being over 40), that was treated more favorably.  The only allegation at all related to this, is the conclusory allegation that "Defendants intentionally and willfully violated the ADEA by discriminating against Plaintiff because of her age by terminating her employment and treating her less favorably compared to younger employees."  ROA.91-92.  There are no allegations of any kind providing a basis for any inference that the Air Force's decision to terminate Smith in February 2021 was motivated by her age.  Smith's claims of age discrimination under the ADEA were therefore due to be dismissed, and the District Court's dismissal of this claim should be affirmed.

Similarly, Smith's race discrimination claim was properly dismissed.  Smith alleges that she is Caucasian/Hispanic and that is the reason why the Air Force discriminated against her.  ROA.93.  Once again, there are no factual allegations of any kind, linking Smith's termination to her race.  The only factual allegation related to race in the Third Amended Complaint is

one in which Smith alleges that on January 16, 2019, Mr. Robert Frei told her that because she is mixed, she cannot go out with Mr. Roel Olvera. ROA.84-85. However, there are no factual allegations linking that conversation to her termination which occurred over two years later in February 2021. Moreover, Smith doesn't allege any similarly situated employee outside of her race that was treated more favorably. The allegations do not provide any information upon which a court could infer that Smith's termination was because of her race. As a result, the claim of race discrimination was properly dismissed and the District Court's granting of the Motion to Dismiss should be affirmed.

Smith's gender discrimination claim is Count One of the Third Amended Complaint. ROA.89. Although the operative complaint contains more allegations related to gender, there are still no allegations upon which a court could infer that her February 2021 termination was because of her gender.

A review of the Third Amended Complaint shows that the last gender-based allegation references a situation that occurred in May 2019. ROA.87. Smith was terminated in February 2021, which is twenty-one months later. Smith's allegations fall short because once again there are no allegations linking the termination to her gender. Also again, there are no allegations of

14

any similarly situated male employees that were not terminated for the same or similar conduct. Smith's claims of gender discrimination were properly dismissed, and the District Court's dismissal should be affirmed.

Smith's claim for disability discrimination was brought pursuant to the ADAA but was analyzed by the District Court as a claim brought under the Rehabilitation Act. ROA.90. As with the race, age and gender discrimination claims discussed above, Smith's disability discrimination fails due to insufficient factual allegations.

The operative complaint provides no factual allegations of any kind, linking Smith's termination to her alleged disability. There are no allegations of any non-disabled employees with similar conduct that were treated more favorably. In fact, there are only two allegations that appear to be related to Smith's claim of disability. In December 2018 during Smith's interview, someone mentioned that Smith needed to drink water because she was disabled. ROA.84. Then, in February 2019, Smith overheard a co-worker mention Smith had sustained injuries from a car accident. ROA.85. There are no facts in the complaint which could be used to reasonably infer that either comment played any part in the Air Force's February 2021 termination of Smith. The Third Amended Complaint contains no facts that

Smith was terminated because of a disability. The dismissal of Smith's disability discrimination claim was therefore proper and should be upheld.

Smith argues in her brief that her pleadings are sufficient and that it can be reasonably inferred that she was treated differently from other employees because male employees were not terminated for similar performance/conduct as Smith. Appellant's Brief at 23. Where Smith's argument fails is that the Third Amended Complaint contains no factual allegations of similarly situated male employees, younger employees, non-disabled employees or employees of a different race that are treated more favorably. The Third Amended Complaint provides no *factual* allegations of comparators at all. Without factual allegations showing any comparators or showing that Smith's termination was *because* of her race, disability, gender or age, the Third Amended Complaint has failed to nudge Smith's claims across the line from conceivable to plausible. *Twombly,* 550 U.S. at 570.

Smith argues that the conclusory allegations contained within the Third Amended Complaint, that she was discriminated against because of her race, age, disability and/or gender, are sufficient to get past the motion to dismiss stage and that she should be allowed to conduct discovery to uncover evidence of similarly situated employees. Appellant's Brief at 23-24. However, the case law is clear that courts do not accept as true

16

conclusory allegations, unwarranted factual inferences, or legal conclusions. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).  Additionally, to withstand a motion to dismiss a complaint must allege more than labels and conclusions as a formulaic recitation of the elements of a cause of action will not do.  *Id*., citing, *Twombly*, 550 at 555.  Here, Smith is attempting to rely on conclusory allegations, legal conclusions, and a formulaic recitation of the elements of a cause of action.  The Third Amended Complaint just does not contain sufficient facts to support Smith's discrimination claims.

Smith cites to several cases to argue that the District Court in granting the Motion to Dismiss committed error.  However, each of those cases is distinguishable from the circumstances presented in this case.

Smith cites to *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253 (5th Cir. 2009), for the position that, whether she and other employees are similarly situated is a question of law and faces a demanding standard in the Fifth Circuit, and therefore this is a determination to be made at the summary judgment stage.  Appellant's Brief at 24.  The circumstances in this case are distinguishable, because in *Lee*, the case was determined by the lower court at the summary judgment stage.  The relevant issue presented in *Lee*, was whether the plaintiff had sufficient evidence to show that he was treated less favorably because of his race.  *Lee*, 574 at 259.  The issue in the instant

matter, however, is not *if* an employee is in fact similarly situated to Smith, but the fact that the Third Amended Complaint provides no factual allegations of *any* similarly situated employees.

Smith cites to *Cicalese v. Univ. of Texas Med. Branch*, <u>924 F.3d 762</u> (5th Cir. 2019), as precedent that the Fifth Circuit requires the District Courts to make the determination as to whether the employer decided to terminate because of her protected class, at the summary judgment stage.  Appellant's Brief at 24.  *Cicalese* is distinguishable from the instant matter.  In *Cicalese*, this Court found that the District Court held the appellant to a higher standard, but the court noted, "The court's analysis of the complaint's allegations-scrutinizing whether Appellants' fellow employees were really "similarly situated" . . . was more suited to the summary judgment phase." *Cicalese*, 924 at 768.  The issue in *Cicalese* was an analysis of whether employees were actually similarly situated and in scrutinizing that, this Court indicated the appellant was held to a higher standard.  Here however, there are simply no facts of any similarly situated employees.

Lastly, Smith cites to *Briceno-Belmontes v. Coastal Bend Coll.*, <u>2022 WL 673854</u> at *4 (S.D. Tex. March 5, 2022), to state that to be held to the standard that the District Court in this case held them to, is to impose such a rigorous inquiry at the pleading stage, when discovery as not occurred,

would make it nearly impossible to bring a circumstantial case of employment discrimination. Appellant's Brief at 24. The instant matter is again distinguishable. In *Briceno-Belmontes*, one of the claims brought by the plaintiff alleged national origin discrimination. *Briceno-Belmontes*, 2022 WL 673854 at *4. The plaintiff in that case alleged not one but two similarly situated employees, who had the same job titles, supervisors, and responsibilities and that they were of a different race, and they were allegedly not fired for similar conduct. *Id*. The defendant in that case moved to dismiss in part arguing that the alleged similarly situated employees, were in fact not similarly situated because the allegations in the complaint were silent as to among other things their disciplinary history. *Id*. at *3. The issue in the instant matter is not *if* the alleged similarly situated employees are actually similarly situated, instead the issue is that there are *no* similarly situated employees alleged at all.

Olivarez v. T-mobile USA, Inc., 997 F.3d 595 (5th Cir. 2021), *Zinnah v. Lubbock State Supported Living Center*, 2023 WL 7314350 (5th Cir. Nov. 6, 2023), and *Raj v. Louisiana State University*, 714 F.3d 322 (5th Cir. 2013), are cases where the issues are more like those presented in the instant matter. In *Olivarez*, the plaintiff alleged a claim of transgender discrimination under Title VII. *Olivarez,* 997 at 598. The court dismissed the Title VII

discrimination claim on the ground that the operative complaint failed to allege that the plaintiff was treated less favorably than similarly situated employees outside of his protected class. *Id*. at 599. This Court affirmed the ruling stating, "Olivarez has failed to plead any facts indicating less favorable treatment than others "similarly situated" outside of the asserted protected class. In fact, the Second Amended Complaint does not contain any facts about any comparators at all." *Id*. at 600., (internal citations omitted). Ultimately, this Court found that the complaint did not plead any facts that would permit a reasonable inference that the plaintiff was terminated because of gender identity. *Id*.

In *Zinnah*, the plaintiff brought a Title VII race discrimination claim, arguing that she was fired because she was black. *Zinnah*, 2023 WL 7314350 at *1. The defendant moved to dismiss claiming that all of the allegations were conclusory. *Id*. at *2. The district court granted the motion to dismiss. Rather than amend the complaint the plaintiff appealed, contending that the complaint contained sufficient allegations. *Id*. This Court affirmed the district court's ruling, finding that the plaintiff's allegations were nothing but bare legal conclusions that were insufficient to state a claim of employment discrimination. *Id*. This Court stated, "Zinnah need not necessarily provide names of other similarly situated non-black

employees who received less harsh treatment for incidents like "spraying water on residents," but federal pleading rules require something more than the-defendants-harmed-me allegations.   They require, in short, "factual content".   *Id*.   Further, this Court stated, "Zinnah cannot simply rely on vague assertions with the unsubstantiated hope that discovery will later vindicate them." *Id*.

The plaintiff in *Raj* was of East Indian origin.  *Raj*, 714 at 325.  He brought claims of discrimination based upon, among other, things his race, gender, age, religion, and national origin.   *Id*.   This Court affirmed the dismissal of the Title VII disparate treatment claims, where the plaintiff did not allege any facts that would suggest that the employer's actions were based on his race or national origin, or that the employer treated similarly situated employees more favorably.  *Id*. at 330.

*Olivarez*, *Zinnah* and *Raj*, are all cases at the pleading stage with similar claims to those brought by Smith.  In each of those cases the district court granted the motion to dismiss based on the same pleading defects found in this case.  In each case this Court affirmed the district court's ruling because of the same pleading defects found in this case.  Specifically, this Court affirmed the dismissals finding that the respective complaints lacked the factual allegations to show similarly situated employees and as a result,

the complaint failed to show that the alleged discrimination occurred *because* of the plaintiff's protected status. Appellee would ask the Court to rule consistent with the aforementioned cases and affirm the District Court's dismissal of Smith's discrimination claims.

## B. The District Court Correctly Dismissed Appellant's Claim of Disability Discrimination

Smith also claims disability discrimination pursuant to the ADAA. ROA.90.[4] Smith's disability discrimination claim fails for the reasons outlined above; however, her disability claim suffers from an additional pleading defect requiring this Court to affirm the District Court's dismissal of said claim.

The Rehabilitation Act ("RA") and the ADA are judged under the same legal standards, and the same remedies are available under both Acts. *Kemp v. Holder*, 610. F.3d 231, 234 (5th Cir. 2010), citing, *Delano-Pyle v. Victoria County, Tex.*, 302 F3d 567, 574 (5th Cir. 2002) ("The language in the ADA generally tracks the language in the RA and jurisprudence interpreting either section is applicable to both"). Likewise, the relevant definition of

---

[4] *The District Court in its Memorandum Opinion and Order, noted that the Appellant conceded a lack of jurisdiction under the ADAA, and indicated an intent to amend to state a disability claim under the Rehabilitation Act. The District Court therefore appears to analyze Appellant's disability claim pursuant to the Rehabilitation Act. ROA.209-11.*

disability set forth in the ADA is applicable to claims made under the RA. *Kemp*, 610 F.3d at 234-35.

To state a disability claim, one must have a disability. *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 526 (5th Cir. 2022). A claim of discrimination under the ADA requires a plaintiff to allege a disability, that he was qualified for his position, and that he suffered an adverse employment action because of his disability. *Olivarez*, 997 F.3d at 600. Neither the Supreme Court nor the Fifth Circuit have recognized the concept of a per se disability under the ADA, no matter how serious the impairment. *Waldrip v. General Elec. Co.*, 325 F.3d 652, 656 (5th Cir. 2003).

In general, the RA defines disability as "a physical or mental impairment that constitutes or results in a substantial impediment to employment." 29 U.S.C. § 705(9)(A). However, for purposes of sections 701, 711, and 712 of Title 29 and subchapters II, IV, V, and VII, disability is defined as in 42 U.S.C. § 12102. *Id.* at § 705(9)(B). Under § 12102, disability means (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1). Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating,

sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. *Id*. at § 12102(2)(A). Major life activities also include the operation of a major bodily function. *Id*. at § 12102(2)(B). A plaintiff is "regarded as" being disabled if he (1) has an impairment that is not substantially limiting but which the employer perceives as substantially limiting, (2) has an impairment that is substantially limiting only because of the attitudes of others, or (3) has no impairment but is perceived by the employer as having a substantially limiting impairment. *EEOC v. E.L Du Pont de Nemours & Co.*, 480 F.3d 724, 729 (5th Cir. 2007).

The Third Amended Complaint provides no factual allegations from which the Court can reasonably infer that Smith is disabled. Smith alleges no facts to infer any substantial impediment to employment. Similarly, there are no facts to infer any impairment that substantially limits any major life activity. There are no facts upon which to infer that there is a record of any impairment, or that the Air Force regarded her as having an impairment.

At best, The Third Amended Complaint contains facts regarding two situations which are remotely related to a disability claim. Smith alleges that during an interview in December 2018, someone mentioned that Smith needed to drink water because she was disabled. ROA.84. Then, in

February 2019, Smith alleges she overheard a co-worker mention that Smith had sustained injuries from a car accident. ROA.85. Neither comment supports a reasonable inference that the Air Force regarded Smith as being disabled. Additionally, neither comment, nor any facts alleged in the Third Amended Complaint, show that either comment was motivation for Smith's termination two years later in February 2021. For the above stated reasons, the District Courts dismissal of Smith's disability claim should be affirmed. *See, Olivarez v. T-mobile USA, Inc.,* 997 F.3d 595, 600-01 (5th Cir. 2021) (The Fifth Circuit affirmed dismissal of plaintiff's disability discrimination claim finding that the plaintiff failed to sufficiently allege any adverse employment action because of disability stating, "At most Olivarez made a conclusory allegation that T-Mobile and Broadspire discriminated against Olivarez based on a disability." (internal quotations and brackets omitted).

## C. The District Court Correctly Dismissed Appellant's Claim of Retaliation

To establish Title VII retaliation, a plaintiff must show that (1) she engaged in activity, (2) she suffered an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). Smith has not sufficiently alleged the causation prong of her retaliation claim. To establish the causation prong of a retaliation claim, the employee

should demonstrate that the employer knew about the employee's protected activity. *Id*. at 434, citing, *Manning v. Chevron Chem. Co., LLC.*, <u>332 F.3d 874, 883</u> (5th Cir. 2003). If an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer could not have retaliated against the employee based on that conduct. *Id*.

Smith, in her brief, argues that because she made multiple EEO internal complaints that it can be inferred that the Air Force had knowledge of her prior EEO activity. Appellant's Brief at 26. However, this cannot be reasonably inferred given that in the operative complaint, Smith alleges that she changed positions in November 2020. <u>ROA.88</u>. The Third Amended Complaint contains no allegations that would infer anything regarding whether this change involved different supervisors or the same supervisors. Further there are no allegations that after the move to the new position any of the people involved in the new position were aware of Smith's EEO activity. The only person that is alleged to be involved both before and after the position change is Carl Salas, who is allegedly Smith's second level supervisor. <u>ROA.88-89</u>. However, again, there are no facts in the Third Amended Complaint upon which the Court can infer that Mr. Salas was aware of Smith's EEO activity.

Smith further argues that because of the temporal proximity between her January 2021 EEO complaint and her firing in February 2021, the temporal proximity is enough to create an inference of causation. Appellant's Brief at 27.   This is insufficient to create an inference of causation because Smith alleges that the termination process began *before* her January 2021 EEO complaint. ROA.88.  Smith alleges that in December 2020, she received a notice of proposed removal with an attached memorandum of record which was dated in October of 2020.   ROA.88. Therefore, the termination process began before the January 2021 EEO complaint, and the Court cannot reasonably infer that the Air Force terminated Smith *because* of the January 2021 EEO activity.

Removing the January 2021 EEO activity from the analysis since said activity occurred *after* the termination process had already begun, the operative complaint contains very little in the way of factual allegations of protected activity.  An employee has engaged in activity protected by Title VII if she has either (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. *Jenkins v. Louisiana Workforce Commission*, 713 Fed. Appx. 242, 245 (5th Cir. 2017).

Here, Smith alleges that in January 2019, she reported an incident regarding a comment made during her interview about her being disabled and therefore needing water. ROA.84. Otherwise, the only allegation related to protected activity is the vague allegation that in 2019 and 2020, Smith filed multiple EEO complaints. ROA.89. This allegation gives no indication as to the nature of the EEO complaint, to whom the complaints were made, or when in those years the complaints were made. Moreover, the Third Amended Complaint contains no facts that Smith's termination in February 2021 was in any way motivated by any EEO complaint. ROA.83-95. Without this information, the Court cannot reasonably infer causal connection, or even use temporal proximity as a basis to infer causal connection. *See, e.g., Melancon v. Lafayette Gen. Med. Ctr., Inc.*, 2023 WL 6621679, at *3 (5th Cir. Oct. 11, 2023) (Where this Court in analyzing the allegations of a Title VII retaliation claim stated, "whether true or not, the allegations hardly constitute "well-pleaded facts." To the contrary, they are entirely conclusory, lacking even basic, but important, contextual information necessary to permit the court to infer more than mere possibility of misconduct.") (internal citations omitted). In *Melancon*, this Court affirmed the dismissal of the retaliation claim concluding that although there was a four-month difference between the protected activity and the adverse

action, because the allegations lacked clarity regarding the chronology and other basic details of other alleged events, the causal connection was insufficiently pled.  *Id*.  For the above stated reasons, the dismissal of Smith's retaliation claim should be affirmed.

### D. There Was No Abuse of Discretion in the District Court Denying Appellant's Motion for Reconsideration.

Rule 59(e) of the Federal Rules of Civil Procedure does not expressly recognize a "motion for reconsideration."  Fed. R. Civ. P. 59.  However, motions for reconsideration or rehearing are typically treated as Fed. R. Civ. P. 59(e) motions.  *T. B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020).  A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued.  *Id*. (internal quotations omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *Olivarez*, 997 F.3d at 601.  As a result, this Court reviews the denial of a Rule 59(e) motion only for abuse of discretion.  *Id*.

Smith's Motion to Reconsider argued that the District Court made manifest errors of law in: (1) citing to "wrong case law" and relying on summary judgment standards; (2) disregarding Smith's factual allegations

regarding comparators when dismissing her discrimination claims; and (3) requiring her Third Amended Complaint to plead facts which would infer knowledge of Smith's protected activity by the decisionmaker who actually terminated her employment. ROA.218-31. In her brief, Smith brings only the argument that the District Court erred in denying the Motion to Reconsider when it confused the difference between a pleading requirement and the summary judgment standard. Appellant's Brief at 29-32. In analyzing the Motion to Dismiss and in dismissing Smith's Third Amended Complaint, the District Court did not apply the wrong standard. Fatal to Smith's argument, is that the District Court committed no abuse of discretion in denying the Motion to Reconsider.

The Motion to Reconsider, failed to show any manifest error of law. Smith contends that the District Court used the summary judgment standard in analyzing the sufficiency of the allegations contained in the Third Amended Complaint. Appellant's Brief at 29-32. The District Court in its Memorandum Opinion and Order, clearly sets forth the standard to be used when analyzing a 12(b)(6) motion. ROA.205-08. Furthermore, in its Memorandum Opinion and Order, denying Smith's Motion to Reconsider, the District Court pointed out that it used the proper standard. ROA.240-41. In that same memorandum opinion and order, the District Court explained

that although its prior Memorandum Opinion and Order referenced cases which dealt with legal issues in the context of a motion for summary judgment, it did so to accurately set out a legal principle. ROA.241. The District Court went on to explain the basis for the dismissals. Regarding the retaliation claim, the District Court explained that this claim was dismissed due to the lack of any allegation that the Air Force had the requisite knowledge of Smith's protected activity. ROA.241. The District Court also points out that Smith was now arguing the inapplicability of certain cases cited by the Air Force in its Motion to Dismiss but failed to make those arguments in its opposition to the motion. ROA.241. Therefore, Smith could not now seek reconsideration based on an issue that could have been argued previously. ROA.241. As to the discrimination claims, the District Court made mention of the fact that Smith's factual allegations were lacking. ROA.243. Regarding the position that Smith satisfied her burden in showing comparators, the District Court indicated that it agreed with the Air Force that the Third Amended Complaint does not identify any comparators. ROA.243.

In the Motion to Reconsider, Smith requested the opportunity to conduct discovery to get the information absent from the Third Amended Complaint. ROA.218-31. The District Court found this argument

unpersuasive finding that the Fifth Circuit has held that under Rule 12(b)(6) the focus is not on the sufficiency of the evidence but solely on the allegations contained in the pleadings.  ROA.243-44.  The District Court therefore found Smith was not entitled to discovery prior to a dismissal ruling.  ROA.244.  Finding no change in intervening law, no manifest error in law or fact, and that Smith did not identify any newly discovered or previously unavailable evidence in her Motion to Reconsider, the District Court denied the motion.  ROA.243-44.  Where relief under Rule 59(e) may issue only if the movant demonstrates manifest error of law or fact or newly discovered evidence, the District Court here finding none of those, did not abuse its discretion in denying Smith's motion.  *Schoenbauer v. Deutsche Bank National Trust*, 2023 WL 3452074 (5TH Cir. May 15, 2023).  The denial of Smith's Motion to Reconsider should therefore be upheld.

## Conclusion

For all these reasons, this Court should affirm the judgment of the District Court.

Respectfully submitted,

Jaime Esparza
United States Attorney

*/s/ Cassius R.P. Borel*

By:   Cassius R.P. Borel
      Assistant United States Attorney

## Certificate of Service

I certify that on March 19, 2024, I filed this brief through this Court's

electronic case-filing system, which will serve it on all registered counsel.

*/s/ Cassius R.P. Borel*
Cassius R.P. Borel
Assistant United States Attorney

**Certificate of Compliance**

I certify that:

(1) this brief complies with the type-volume limitation of <u>Federal Rule of Appellate Procedure 32(a)(7)(B)</u> because this brief contains 6,991 words, excluding the parts of the brief exempted by Rule 32(f); and

(2) this brief complies with the typeface requirements of <u>Federal Rule of Appellate Procedure 32(a)(5)</u> and the type-style requirements of <u>Federal Rule of Appellate Procedure 32(a)(6)</u> because it was prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in size 14 Times New Roman font.

Dated:    March 19, 2024.

*/s/ Cassius R.P. Borel*
Cassius R.P. Borel
Assistant United States Attorney